The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion concerning the implementation of an enhanced "911" emergency communications system in Jefferson County and the City of Pine Bluff. You note that the system is ready to be activated, but that a question has arisen as to one aspect of the implementation.
Specifically, you note that the City of Pine Bluff has two ambulance services. One is a paramedic service, and the other is an "intermediate" service. The former apparently is equipped to provide a more extensive range of services while en route to a hospital than the latter. In an effort to accommodate both ambulance services, the special "911 commission" set up by the county and city has determined that every "911" call received from the east side of the city, as divided by a particular street, will receive services from the paramedic ambulance service, and persons residing on the west side of the city will receive ambulance services from the intermediate ambulance service. This system will obviously result in the dispatching of disparate ambulance services to citizens based solely on their residence.
You note that a local attorney has raised the scenario of a man having a heart attack and calling the 911 system. Because the man lives on a particular side of the city, the west side, the lesser equipped ambulance service is dispatched to take him to the hospital. He dies in the ambulance and there is substantial evidence that he would have survived if the other, better equipped ambulance service had been dispatched to him.
In light of these facts, you have posed the following question:
 Does the Commission, Pine Bluff, or Jefferson County have liability relative to the above listed factual scenario? Specifically, could the Commission, City or County, have liability exposure if a resident from the west side of town dies or suffers irreparable injuries when said injuries or death could have been avoided had the individual had the benefit of a paramedic service as opposed to an intermediate ambulance service?
For the reasons that follow, it is my opinion that the answer to your question is "no."
A related question was addressed in Opinion No. 90-100, a copy of which is enclosed. That opinion notes that the operation of 911 systems such as the one contemplated in Pine Bluff is covered by the immunity provisions of A.C.A. § 21-9-301. In answer to your question then, there will generally be no liability exposure for the city or county or any of their employees under state law in this instance because, as a general matter, these entities are immune from liability for damages under state law. While we cannot conceive of every possible legal action which might be brought under the facts you have suggested, it appears that, generally, local governmental immunity will prevail under state law in an action for damages based in tort.
The chances for liability under federal law, must, however, also be considered. If a plaintiff could conceive of a viable federal legislative or constitutional claim based upon the facts you have stated, only qualified immunity would exist for individual officers involved, and the actual political subdivisions would not be immune from suit. See generally, Anderson v.Creighton, 483 U.S. 635 (1987), (stating that test of qualified immunity for individual officers turns upon the "objective legal reasonableness of the action" assessed in light of the legal rules that were "clearly established" at the time it was taken.) It appears in this instance, however, that the most likely target of litigation would be the city, county and "911 commission" itself based upon their establishment of a system, which in the eyes of a prospective plaintiff, results in inequitable treatment to citizens of the county. These governmental entities will not be accorded any type of governmental immunity in federal court on federal causes of action. We do not have enough facts to ascertain whether such a claim potentially exists, but the possibility should certainly be addressed by both the city's and county's regular legal counsel.
Of course, the existence or nonexistence of governmental immunity should not alone control whether the contemplated procedure should be implemented. This is a decision for the local authorities to make, hopefully with input and feedback from the public.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb